UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TERRANCE SCHRAMMEN,                    CIVIL NO. 16-2999 (WMW/DTS)

    Plaintiff,

v.                                      REPORT AND RECOMMENDATION

CONAGRA FOODS INC.,

    Defendant.

---

Terrance Schrammen, 859 North McKnight Road, St. Paul, Minnesota, 55119, *Pro Se* Plaintiff

Scott Daniel Meyers, Esq., Husch Blackwell LLP, 190 Carondelet Plaza, Suite 600, St. Louis, Missouri, 63105, for Defendant

---

## PLAIN LANGUAGE SUMMARY

The Court recommends that Plaintiff's lawsuit be dismissed. Plaintiff has not shown evidence that ConAgra fired Plaintiff for improper reasons.

## INTRODUCTION[1]

ConAgra Foods ("ConAgra") terminated Plaintiff Terrance Schrammen's ("Schrammen") employment on September 12, 2014. Schrammen sued ConAgra, arguing he was fired in retaliation for internally reporting safety issues at the plant where he worked and for filing a complaint with the Minnesota Department of Labor and Industry. ConAgra has moved for summary judgment, arguing they fired Schrammen for performance issues and disruptive behavior. Because Schrammen has failed to provide evidence from which a reasonable jury could conclude that the performance

---

[1] This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

reasons provided by ConAgra for his termination were a pretext for retaliating against him, the Court recommends that ConAgra's Motion for Summary Judgment [Docket No. 58] be granted.

## FINDINGS OF FACT

On May 22, 2014, Schrammen began working as a Line Helper for second shift operations at ConAgra's Fridley, Minnesota plant. Schrammen Depo. 15, Docket No. 61-2. Before commencing his employment, Schrammen received and signed a copy of ConAgra's code of conduct. *Id.* at 24-25. The Code prohibited employees from engaging in disruptive behavior (*e.g.* swearing, harassment, fighting); detailed the protocol for reporting safety concerns; and made assurances against retaliation. Code of Conduct 7-11, Docket No. 61-17. Schrammen also attended an orientation training that included discussions on "hazard communication" and "prohibited harassment." Schrammen Depo. 21, Docket No. 61-2. Schrammen was aware of ConAgra's policies in these areas and knew that violating the Code could lead to his termination. *Id.* at 24-25.

As a new employee, Schrammen's continued employment was subject to a 45-day probationary period. *Id.* at 16-17. During that period, Schrammen was given performance reviews every 15 days, which evaluated his performance in seven different areas. *Id.* at 77. At 15 days, Schrammen was deemed "good" in all seven; at 30 days, he was "good" in five and "unknown or not applicable" in two. Performance Reviews, Docket Nos. 61-14, 61-15. Schrammen's review was overseen by two of ConAgra's production supervisors, Rose Krieger and Randy Hoover. Schrammen Depo. 26, 66, 78, 84, Docket No. 61-2.

Shortly after his 30-day review, Schrammen drew attention when, at a safety meeting, he loudly and repeatedly complained that ConAgra had long neglected to address safety issues, particularly involving a leaking pan washer. *Id.* at 56-62. ConAgra followed up with Schrammen to address his concern and inform him the safety issue he had raised was already fixed. *Id.* at 64-65. That interaction heightened ConAgra's concern with Schrammen, as he was "really hyper and animated" and "angry." Human Resources Investigation 6-7, Docket No. 61-5. Schrammen quickly developed a reputation for being "a hothead" who was "always complaining" and who "scared" people and refused orders. *Id.*

Issues with Schrammen's performance persisted. Schrammen was noted to have used profanity, despite previous warnings not to swear. Schrammen Depo. 26-28, Docket No. 61-2. As a result of his behavioral issues, Schrammen's probationary period was extended 15 days. HR Email, Docket No. 61-6. Schrammen contacted Anne Woodfin, the facility's Human Resource Manager, to set up a meeting to discuss the extension. Schrammen Depo. 95-96, Docket No. 61-2. At this August 26, 2014 meeting, Schrammen was visibly upset and began yelling and thrashing his arms. *Id.* at 87-88; Human Resources Investigation 3-4, Docket No. 61-5. Schrammen complained that the pan washer safety issue had not been fixed despite informing Rose Krieger. Schrammen Depo. 109-111, Docket No. 61-2. Schrammen also mocked his supervisor, Randy Hoover. Human Resources Investigation 4, Docket No. 61-5.

Alarmed by Schrammen's erratic behavior and fearful for the safety of those in attendance, Ms. Woodfin ended the meeting. *Id.* Schrammen was escorted out of the building, and suspended pending further investigation. Schrammen Depo. 137-142,

3

Docket No. 61-2. Two days later, Schrammen filed a MNOSHA complaint with the Minnesota Department of Labor and Industry alleging discrimination by ConAgra. Docket No. 61-11. Schrammen did not inform ConAgra of his complaint. Schrammen Depo. 151-53, Docket No. 61-2

During Schrammen's suspension, ConAgra conducted an investigation regarding his behavior. Ketelsen Aff. ¶ 7, Docket No. 61-1. That investigation uncovered further examples of Schrammen's disruptive and uncooperative behavior while at work, such as yelling at colleagues and refusing to rotate, as well as a pattern of making sexist comments. Human Resources Investigation 1-7, Docket No. 61-5. Some of Schrammen's co-workers feared him, and others felt uncomfortable working with him because of his "anger issues." *Id.*

On September 12, 2014, ConAgra managers met to discuss Schrammen's actions and chose to terminate his employment. Ketelsen Aff. ¶¶ 8-9, Docket No. 61-1. In their letter informing Schrammen of his termination, ConAgra wrote that he had been fired for his angry outbursts and his failure to take responsibility for his actions, including swearing, yelling and mocking co-workers. Termination Ltr., Docket No. 61-8. At the time they fired Schrammen, the managers who made the decision were unaware of Schrammen's MNOSHA complaint; ConAgra received a certified letter of the Complaint on September 12, 2014, Certified Ltr., Docket No. 61-12, but it was received by Henry Winter, who was not involved in Schrammen's termination. Schrammen Depo. 149, Docket No. 61-2; Ketelsen Aff. ¶ 10, Docket No. 61-1.

On October 13, 2014, ConAgra's union declined to file a complaint on Schrammen's behalf because its investigation found no basis for his allegations. Union

4

Letter, Docket No. 61-10. The Minnesota Department of Labor and Industry investigated Schrammen's MNOSHA complaint but determined that ConAgra had a "legitimate non-discriminatory reason" to extend his probation, suspend him and fire him. MDOLI Ltr., Docket No. 61-13.

Schrammen sued ConAgra, arguing his firing was illegal retaliation in violation of the Minnesota Whistleblower Act ("MWA") and the Minnesota Occupational Safety and Health Act ("MNOSHA"). Compl., Docket No. 1-1. ConAgra has moved for summary judgment, arguing there is no credible evidence of retaliation, and that Schrammen has presented no evidence that ConAgra's stated reasons for firing him were pretext. Def. Mem., Docket No. 60. At the February 21, 2018 motion hearing, Schrammen was provided until March 3, 2018 to file a substantive response to ConAgra's Motion. On March 2, 2081, Schrammen filed a Motion for Relief from a Judgment or Order, accompanied by a memorandum and exhibit which primarily contained excerpts from the Minnesota Department of Labor Report and the Affidavit of Rose Krieger. Docket Nos. 70-71, 73. While Schrammen's submission did not contain evidence in an admissible form, and did not address whether ConAgra's reasons for firing him were pretext for retaliation, the Court will nonetheless address Schrammen's response on its merits.

## CONCLUSIONS OF LAW

### I. Standard of Review

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 249-50 (1986). In resolving a motion for summary judgment the Court views all facts and all reasonable inferences from them in the light most favorable to Schrammen. *Rooney v. Rock-Tenn Converting Co.*, 878 F.3d 1111, 1115 (8th Cir. 2018). There must be "enough evidence to allow a rational trier of fact" to find for Schrammen on the required elements of his claims. *Id.*

For Schrammen to survive summary judgment, he "either must offer direct evidence of retaliation or create an inference of retaliation under the *McDonnell Douglas* burden-shifting framework." *Hutton v. Maynard*, 812 F.3d 679, 683 (8th Cir. 2016). Direct evidence of retaliation is "a specific link" between the protected action and the termination decision. *Russell v. City of Kansas City*, 414 F.3d 863, 866 (8th Cir. 2005). If Schrammen is unable to produce direct evidence of retaliation, he must establish an inference of retaliation sufficient to state a prima facie case. *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 914 (8th Cir. 2007). If Schrammen establishes a prima facie case of retaliation, the burden shifts to ConAgra to "articulate a legitimate, nondiscriminatory reason for its actions." *Id.* If ConAgra offers a legitimate reason for Schrammen's termination, the burden reverts to Schrammen to show ConAgra's reason is pretext for unlawful retaliation. *Id.* In order for Schrammen to prove pretext, he must both discredit ConAgra's asserted reason for termination and provide evidence that the real reason for termination was retaliation. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006).

## II.     Prima Facie Case

Schrammen argues he was fired in retaliation for reporting safety issues, in violation of the MWA, and in retaliation for filing a complaint with the Minnesota

6

Department of Labor and Industry, in violation of MNOSHA.  Schrammen Depo. 98, 151, Docket No. 61-2.  Because Schrammen has no direct evidence of retaliation, the initial analysis focuses on whether Schrammen has made out a prima facie case for retaliation under *McDonnell Douglas*.  *Id.* at 153.

To establish a prima facie case of retaliation, Schrammen must show that (1) he engaged in statutorily protected activity, (2) that he was punished by his employer, and (3) that his punishment was related to the protected behavior.  *Gilbert*, 495 F.3d at 917. Schrammen's safety complaint and MNOSHA complaint were protected activities. Minn. Stat. § 181.932(1); Minn. Stat. § 182.669. Schrammen was placed on extended probation, was temporarily suspended and, ultimately, he was fired by ConAgra.  Thus, Schrammen easily meets the first two prongs of a prima facie claim.

In this case, Schrammen has put forth no evidence that his punishment is related to his protected activity other than temporal proximity.  While generally mere temporal proximity is not sufficient to raise an inference of retaliatory animus, when the proximity is very close, it may establish a prima facie case.  *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011).  Here, Schrammen's probation was extended two days after he reported a safety issue in a meeting, and he was fired the same day ConAgra received a copy of his MNOSHA complaint (incontrovertible evidence suggests that Schrammen was fired before ConAgra actually received notice of the MNOSHA complaint). Even assuming temporal proximity between his protected activity and his punishments were sufficient to establish a prima facie case, Schrammen's case nonetheless fails on pretext.

### III.     Pretext

ConAgra has shown, and Schrammen has admitted, that he knowingly violated ConAgra's policies and repeatedly engaged in disruptive behavior at work, including yelling, swearing, and insubordination. Schrammen Depo. 25-26, 51-52, 132-34, Docket No. 61-2. This Circuit has "repeatedly held that insubordination and violation of company policy are legitimate reasons for termination." *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999). Because ConAgra has provided legitimate reasons for firing Schrammen, the burden shifts to Schrammen to establish pretext.

Schrammen has presented no evidence to show ConAgra's reasons for firing him was pretextual. To establish pretext, Schrammen must discredit ConAgra's reasons for firing him and must demonstrate that the real reasons for his firing were his reports of safety concerns or filing a MNOSHA complaint. *Twymon*, 462 F.3d at 935. Here again Schrammen primarily relies on temporal proximity, but while temporal proximity may, in rare cases, establish a prima facie case, it alone is insufficient to establish pretext. *See Green v. Franklin Nat. Bank of Minneapolis*, 459 F.3d 903, 913 (8th Cir. 2006). ("[T]iming alone is insufficient to show a pretextual motive rebutting a legitimate, non-discriminatory reason for an adverse employment action.") Here, Schrammen was placed on additional probation not for his reporting of safety concerns, but because his behavior in raising the safety issue – which included yelling, waving his arms, and refusing to listen – warranted ConAgra to further investigate Schrammen before conferring full employee status. That investigation uncovered other violations of ConAgra's code of conduct, which ultimately led to Schrammen's termination. The decision to terminate Schrammen's employment came before ConAgra was aware of

8

Schrammen's MNOSHA complaint. Ketelsen Aff. ¶ 10, Docket No. 61-1; Schrammen Depo. 151, Docket No. 61-2. Schrammen has not discredited these legitimate, non-discriminatory reasons for his termination.

Schrammen's other arguments also fail to establish pretext. In his court filings and at the February 21, 2018 motion hearing, Schrammen argued that Rose Krieger lied when she said Schrammen had not told her of the pan washer safety issue until July 29, 2014, whereas he claims he told her days prior. Pl. Mem. 3, Docket No. 71; Schrammen Depo. 109-11, Docket No. 61-2. But this disputed fact is immaterial, as both dates were prior to Schrammen's probation extension, suspension, and firing, and thus relates to temporal proximity, not pretext.

Schrammen also filed an excerpted copy of the Minnesota Department of Labor's MNOSHA investigation, in which he labeled portions as "false statements." Docket No. 73. It is not enough for Schrammen to merely allege in a conclusory fashion in an unsworn filing that these statements were incorrect. In order to discredit ConAgra's reason for firing and show that the real reason for his firing was protected activity, Schrammen must present facts to support his claims, which he has not done. Therefore, his claims fail.

There is no genuine issue of material fact before this Court. The facts, even when viewed in the light most favorable to Schrammen, do not support Schrammen's claim that he was fired in retaliation for engaging in protected activity. Schrammen has neither discredited ConAgra's rationale for terminating him nor provided the Court any *evidence* with which to draw an inference that his reporting of safety violations and filing

a MNOSHA complaint were the real reasons for his termination. Therefore, summary judgment is appropriate.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Defendant ConAgra Foods Inc.'s Motion for Summary Judgment [Docket No. 58] be GRANTED;

2. Plaintiff's Motion for Relief From a Judgment or Order [Docket No. 70] be DENIED.

3. Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Dated:     April 12, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).