UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terrance Schrammen, | Case No. 16-cv-2999 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| ConAgra Foods Inc., | |
| Defendant. | |

This matter is before the Court on the April 12, 2018 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz.  (Dkt. 74.)  The R&R recommends granting Defendant ConAgra Foods Inc.'s motion for summary judgment and denying Plaintiff Terrance Schrammen's motion for relief from a judgment or order. Schrammen filed timely objections to the R&R.[1]  For the reasons addressed below, the Court overrules Schrammen's objections and adopts the R&R.

## BACKGROUND[2]

Schrammen commenced this lawsuit alleging that ConAgra unlawfully terminated his employment in retaliation for Schrammen raising safety concerns with ConAgra and for filing a complaint with the Minnesota Department of Labor and Industry.  ConAgra moves for summary judgment, contending that it terminated Schrammen's employment

---

[1]  Because of a filing error, Schrammen's objections were not electronically filed until May 2, 2018, even though Schrammen hand-delivered his objections to the Clerk of Court on April 24, 2018.

[2]  Additional relevant factual background is addressed in the R&R.

because of Schrammen's insubordination. As insubordination is a legitimate, non-retaliatory reason for ConAgra's decision to end Schrammen's employment, the R&R determines that Schrammen must present evidence that ConAgra's rationale is a pretext for retaliation. The R&R recommends granting summary judgment in favor of ConAgra because Schrammen does not present evidence establishing a genuine dispute of material fact as to whether he was fired in retaliation for engaging in a protected activity.

## ANALYSIS

Schrammen objects to the R&R's recommendation to grant ConAgra's motion for summary judgment, arguing that ConAgra fabricated certain dates related to his termination as well as instances of his purported insubordination. The Court reviews these objections de novo. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Summary judgment is proper when the record establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court considers the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802-03 (8th Cir. 2014). When asserting that a fact is genuinely disputed, the nonmoving party must cite "particular parts of materials in the record" that support the assertion. Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

To defeat ConAgra's motion for summary judgment, Schrammen must establish a genuine factual dispute that his firing was pretextual by relying on evidence that both discredits ConAgra's asserted justification for his firing and creates a reasonable inference that animus motivated ConAgra's action. *See Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1055 (8th Cir. 2015); *Liles v. C.S. McCrossan, Inc.*, 851 F.3d 810, 818 (8th Cir. 2017) (explaining the burden-shifting framework for analyzing claims alleging retaliation). Although Schrammen asserts that ConAgra fabricated certain information about his firing, Schrammen does not support his contentions with evidence. For this reason, Schrammen does not demonstrate that a genuine dispute of material fact exists that discredits ConAgra's proffered justification for his firing. *See, e.g.*, *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006) (affirming summary judgment because plaintiff did not submit affidavits or other evidence to support plaintiff's contentions); *see also* Fed. R. Civ. P. 56(c)(1)(A) (requiring nonmoving party to cite "particular parts of materials in the record" that establish a genuine dispute of material fact). Accordingly, the Court overrules Schrammen's objections to the R&R.

The Court also reviews for clear error the portions of the R&R to which no objections have been made. *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder*, 73 F.3d at 795. Having completed its review, the Court concludes that the R&R is neither clearly erroneous nor contrary to law.

**ORDER**

3

Based on the foregoing analysis and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.	Plaintiff Terrence Schrammen's objections to the Report and Recommendation, (Dkt. 75), are **OVERRULED**;

2.	The April 12, 2018 Report and Recommendation, (Dkt. 74), is **ADOPTED**;

3.	Defendant ConAgra Foods Inc.'s motion for summary judgment, (Dkt. 58), is **GRANTED**; and

4.	Plaintiff Terrance Schrammen's motion for relief from a judgment or order, (Dkt. 70), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 11, 2017	s/Wilhelmina M. Wright
	Wilhelmina M. Wright
	United States District Judge